BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

| | |
|---|---|
| John A. Roe, John B. Roe, John C. Roe, John D. Roe, Jane E. Roe, Jane F. Roe, Jane G. Roe, Jane H. Roe, and Jane I. Roe, proceeding pseudonymously on behalf of themselves and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Kristi Noem, Secretary of Department of Homeland Security, the Department of Homeland Security, Todd Lyons, Acting Director of Immigration and Customs Enforcement, Immigration and Customs Enforcement, Rachel Canty, Deputy Assistant Director of the Student and Exchange Visitor Program, the Student and Exchange Visitor Program, Shonnie R. Lyon, or his successor, Director of the Office of Biometrics Identity Management, and the Office of Biometrics Identity Management.<br><br>Defendants. | No. 2:25-cv-00743<br><br>Class Action Complaint for Declaratory and Injunctive Relief |

Class Action Complaint for Declaratory
and Injunctive Relief – 1
No. 2:25-cv-00743



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

**I.     Introduction**

1. Plaintiffs are international students lawfully studying in the United States who have had their Student and Exchange Visitor Information System ("SEVIS") record terminated by Defendants, based solely on a database hit indicating that they have been identified in a law enforcement or criminal information data system, often as a result of fingerprinting. The statute, regulations and U.S. Constitution place limits on the situations under which Defendants may terminate a student's SEVIS records, and merely having been identified in a law enforcement or criminal information data system is not among the lawful bases for such termination.

2. Due to the significant stigma in the United States and their home countries arising from having their student status terminated based on alleged criminal misconduct, Plaintiffs seek to proceed in this action under pseudonyms.

3. Plaintiffs Roe A-G seek to represent a class of similarly situated individuals throughout the United States who have had their SEVIS records unlawfully terminated by Defendants prior to the completion of their student program, as follows:

STUDENT CLASS

> All noncitizens who are, were, or will be present in the United States in F-1 status, who are, were, or will be maintaining their F-1 status, but who had or will have their SEVIS record terminated by Defendants on or after March 15, 2025, and who do not have a conviction for a crime of violence for which a sentence of more than one year imprisonment may be imposed.

4. Plaintiffs Roe H and I seek to represent a class of similarly situated individuals throughout the United States who have had their SEVIS records unlawfully terminated by

Class Action Complaint for Declaratory
and Injunctive Relief – 2
No. 2:25-cv-00743



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

Defendants subsequent to the completion of their student program during their authorized Post-Completion Optional Practical Training ("OPT"), as follows:

OPT CLASS

> All noncitizens who are, were or will be present in the United States in F-1 status and subsequently obtained Optional Practical Training as part of their F-1 program, who are, were, or will be maintaining their F-1 status, but who had or will have their SEVIS record terminated by the Defendants on or after March 15, 2025, and who do not have a conviction for a crime of violence for which a sentence of one year or more may be imposed.

## II. Parties

5. Plaintiff John A. Roe is a citizen of South Korea residing in King County, Washington. He was most recently admitted to the United States in lawful F-1 student status on December 27, 2023 and is currently enrolled in a Doctoral program at the University of Washington with an expected graduation date of August 2025. Mr. A. Roe was fingerprinted in relation to a criminal charge in 2024. Following a three-week jury trial, the jury returned a unanimous not guilty verdict on April 4, 2025. Nonetheless, Defendants terminated A. Roe's SEVIS record on April 8, 2025.

6. Plaintiff John B. Roe is a citizen of Kazakhstan residing in King County, Washington. He was admitted to the United States in lawful F-1 status on September 21, 2024 and is currently enrolled in an Associate Degree program at Green River College. Mr. B. Roe was fingerprinted in connection with an arrest for reckless driving in 2024. His charge was later plead down to reckless endangerment. He spent one day in jail and paid a $400 fine. The conviction is neither a ground of inadmissibility under 8 U.S.C. § 1182(a) nor a ground of removability under 8 U.S.C. § 1227(a). The conviction similarly is not a "crime of violence" with a sentence of more than one year as would be required to permit SEVIS to be terminated

Class Action Complaint for Declaratory
and Injunctive Relief – 3
No. 2:25-cv-00743



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

by Defendants pursuant to 8 C.F.R. § 214.1(g). Nonetheless, on April 10, 2025, Defendants terminated Plaintiff B. Roe's SEVIS record.

7. Plaintiff John C. Roe is a citizen of China presently residing in Snohomish County, Washington. He was admitted to the United States in lawful F-1 status on September 20, 2023 and is scheduled to complete his Bachelor of Science at the University of Washington in June 2026. Mr. C. Roe was fingerprinted in connection with an arrest in 2022. The charge was dismissed for lack of evidence. Defendants terminated C. Roe's SEVIS record on April 4, 2025.

8. Plaintiff John D. Roe is a citizen of Bangladesh residing in King County, Washington. He was most recently admitted to the United States in lawful F-1 status on May 29, 2024 and is scheduled to complete his Associate Degree at Seattle Central College in January 2026. Mr. D. Roe was fingerprinted in connection with a shoplifting charge in 2023 that was later dropped without any conviction. Defendants terminated his SEVIS record on April 10, 2025.

9. Plaintiff Jane E. Roe is a citizen of China presently residing in King County, Washington. Ms. E. Roe was admitted to the United States in lawful F-1 status on September 17, 2024 and is studying Liberal Arts at the University of Washington with an expected graduation date of June 2027. Ms. E. Roe was fingerprinted in 2023 in connection with an arrest, but no charges were ever filed in connection with the arrest. Nonetheless, Defendants terminated her SEVIS record on April 4, 2025.

10. Plaintiff Jane F. Roe is an 18-year old citizen of China residing in King County, Washington. She was most recently admitted to the United States in lawful F-1 status on January 8, 2025 and is scheduled to complete her studies at a high school in King County,

Class Action Complaint for Declaratory
and Injunctive Relief – 4
No. 2:25-cv-00743

1   Washington in June 2026. Ms F. Roe was fingerprinted as a minor in 2024 in connection with

2   an interaction with law enforcement. Ms. F. Roe was never charged nor convicted of any

3   offense. Nonetheless, Defendants terminated Ms. F. Roe's SEVIS record on April 8, 2025.

4           11.     Plaintiff Jane G. Roe is a citizen of Bangladesh residing in King County,

5   Washington. She was admitted to the United States in lawful F-1 status on May 29, 2024 and is

6   scheduled to complete her studies at Seattle Central College with a graduation date of June 20,

7   2025. Ms. G. Roe applied for post-completion Optional Practical Training ("OPT") but her

8   advisor informed her that as a result of her SEVIS termination, her request for OPT will be

9   denied. Ms. G. Roe was fingerprinted in connection with a shoplifting charge that was later

10  dropped without any conviction. Defendants terminated G. Roe's SEVIS record on April 10,

11  2025.

12          12.     Plaintiff Jane H. Roe is a citizen of India residing in King County, Washington.

13  Ms. H. Roe was most recently admitted to the United States in lawful F-1 status on January 24,

14  2023. She completed her degree program at the State University of New York at Buffalo in

15  Engineering Data Science in June 2023 and subsequently applied for, and received,

16  employment authorization on the basis of post-completion Optional Practical Training

17  ("OPT"). Ms. H. Roe is presently employed at a local technology company. In 2024, Ms. H.

18  Roe was fingerprinted in connection with a shoplifting offense in Connecticut. The proceedings

19  are sealed. Even if the offense resulted in a "conviction" under 8 U.S.C. § 1101(a)(48)(A), it is

20  neither a ground of inadmissibility under 8 U.S.C. § 1182(a) nor a ground of removal under 8

21  U.S.C. § 1227(a). It would similarly not be a "crime of violence" for which a sentence of more

22  than one year imprisonment may be imposed as would be required to permit SEVIS to be

23

Class Action Complaint for Declaratory
and Injunctive Relief – 5
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

1  terminated by Defendants pursuant to 8 C.F.R. § 214.1(g). Nonetheless, Defendants terminated

2  H. Roe's SEVIS record on April 8, 2025.

3      13.    Plaintiff Jane I. Roe is a citizen of India presently residing in Connecticut. Ms. I.

4  Roe was admitted to the United States in lawful F-1 status on July 13, 2023 and completed a

5  Bachelors degree program in Computer Science at University of Bridgeport in April 2024. She

6  subsequently applied for and received employment authorization on the basis of post-

7  completion OPT. Ms. I. Roe was fingerprinted in connection with a shoplifting offense in

8  Connecticut. The proceedings are sealed. Even if the offense resulted in a "conviction" under 8

9  U.S.C. § 1101(a)(48)(A), it is neither a ground of inadmissibility under 8 U.S.C. § 1182(a) nor

10  a ground of removal under 8 U.S.C. § 1227(a). It would similarly not be a "crime of violence"

11  for which a sentence of more than one year imprisonment may be imposed as would be

12  required to permit SEVIS to be terminated by Defendants pursuant to 8 C.F.R. § 214.1(g).

13  Nonetheless, Defendants terminated I. Roe's SEVIS record on April 3, 2025.

14      14.    Defendant Kristi Noem is sued in her official capacity as the Secretary of

15  Homeland Security. Defendant Noem is responsible for enforcing and administering

16  immigration laws, policies, and regulations, including those governing SEVIS. Defendant

17  Noem also has ultimate responsibility for all subagencies of the Department of Homeland

18  Security ("DHS"), including Immigration and Customs Enforcement ("ICE") and the Student

19  and Exchange Visitor Program ("SEVP").

20      15.    Defendant Department of Homeland Security ("DHS") is a federal cabinet-level

21  department responsible for immigration enforcement and oversight, including the Student and

22  Exchange Visitor Program ("SEVP").

23

Class Action Complaint for Declaratory
and Injunctive Relief – 6
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

16. Defendant Todd Lyons is sued in his official capacity as the Acting Director of Immigration and Customs Enforcement ("ICE"), a component agency of DHS responsible for enforcing immigration laws, including those related to international student compliance. ICE is also responsible for the prosecution of most deportation proceedings in the United States.

17. Defendant Immigration and Customs Enforcement ("ICE") is an agency within DHS responsible for enforcing immigration laws, including oversight of SEVP.

18. Defendant Rachel Canty is sued in her official capacity as the Deputy Assistant Director of the Student and Exchange Visitor Program ("SEVP"), a division within ICE that administers the SEVIS database.

19. Defendant Student and Exchange Visitor Program ("SEVP") is a component of ICE responsible for managing SEVIS and ensuring compliance with regulations governing international students.

20. Defendant Shonnie R. Lyon, or his successor, is sued in his official capacity as the Director of the Office of Biometric Identity Management ("OBIM"). OBIM is a component of DHS responsible for storing, analyzing and delivering biometric information to other components of the U.S. government, including DHS/ICE/SEVP.

21. Defendant Office of Biometric Identity Management is a component of DHS responsible for storing, analyzing and delivering biometric information to other components of the U.S. government, including DHS/ICE/SEVP.

### III.    Jurisdiction

22. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

Class Action Complaint for Declaratory
and Injunctive Relief – 7
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

23.     Venue in the Western District of Washington is appropriate under 28 U.S.C. § 1391(e)(1) because multiple Plaintiffs reside in King County, Washington, within this judicial district and no real property is involved in this action. Venue in the Seattle sub-district is appropriate under LR 3(e)(1) because a substantial part of the events or omissions that gave rise to the claim occurred in King County, Washington, where several of the Plaintiffs reside and attend school.

### IV.     Legal Framework

24.     The Immigration and Nationality Act ("INA") and related federal regulations govern the issuance, maintenance, and termination of F-1 student status. To remain lawfully in the United States, an F-1 student must maintain compliance with specific requirements, including continuous enrollment in a full course of study and refraining from unauthorized employment. *See* 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f).

25.     The Student and Exchange Visitor Information System ("SEVIS") is a database managed by SEVP to monitor international students' compliance with their visa conditions. Each student is required to pay the SEVIS fee prior to the commencement of studies. The purpose of SEVIS is to track a student's status compliance related to enrollment, employment, address changes, and other factors a detailed in the regulations.  SEVIS is not intended to be used as a punitive tool based on incomplete law enforcement data.

26.     Maintenance of status for nonimmigrants present in the United States is governed by 8 C.F.R. § 214.1(f), including F-1 students. Under 8 C.F.R. § 214.1(d), DHS shall terminate a nonimmigrant's status in the United States when an 8 U.S.C. § 1182(d)(3) or (4) waiver is revoked, a private bill is introduced to confer permanent resident status on the nonimmigrant, or proper notification is made in the Federal Register. Under 8 C.F.R. §

Class Action Complaint for Declaratory
and Injunctive Relief – 8
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

214.1(e), a nonimmigrant who engaged in employment without authorization has failed to maintain status. Under 8 C.F.R. § 214.1(f), a nonimmigrant's willful failure to provide full and truthful information requested by DHS constitutes a failure to maintain status. Finally, under 8 C.F.R. § 214.1(g) a nonimmigrant convicted of a crime of violence for which a sentence of imprisonment greater than one year may be imposed has failed to maintain status.

27. Under 8 C.F.R. § 214.2(f), a nonimmigrant F-1 student must maintain continuous full-time enrollment, refrain from unauthorized employment, and otherwise comply with all the terms of admission to remain in status. Failure to meet these requirements may lead to termination of a student's SEVIS record. There is no regulation authorizing SEVIS termination based solely on a fingerprint match, law enforcement or criminal database "HIT", arrest without conviction, or non-disqualifying conviction.

28. Nothing in the applicable regulations authorizes termination based solely on an arrest without a conviction, nor based upon a mere allegation of wrongdoing. Unsurprisingly, termination is not authorized for merely having been identified in a law enforcement or criminal information data system.

29. Consistent with *Fang v. Dir., U.S. Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019), termination of a SEVIS record is a final agency action subject to immediate judicial review under the APA, as there is no adequate administrative remedy to reverse an erroneous termination. *See also Guilford Coll. v. McAleenan*, 389 F. Supp. 3d 377, 391 (M.D.N.C. 2019).

30. When a student's SEVIS record is terminated, a student that is in the United States begins to immediately accrue unlawful status. A student who has unlawful status, also known as being out of status, is limited in their options to change, reinstate, or adjust status.

Class Action Complaint for Declaratory
and Injunctive Relief – 9
No. 2:25-cv-00743



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

Furthermore, the student is immediately unable to continue in their studies, unless their school's DSO marks their I-20 for reinstatement and then the student files an application for reinstatement with USCIS. If USCIS or an immigration judge reach a decision, after notice and an opportunity to respond, that the student has failed to maintain status (i.e., is in unlawful status), and notice of that decision is provided to the student, the student begins to accrue unlawful presence. Notably, there is no requirement in the regulations that the school notify the student that their SEVIS record has been terminated.

## V.     Factual Background

31. Plaintiffs each entered the United States in F-1 status and were maintaining their nonimmigrant status.

32. Defendants terminated each Plaintiffs' SEVIS record on various dates between April 3, 2025 and April 10, 2025.

33. Defendants did not provide any notice to Plaintiffs of the termination itself nor of the basis for the termination.

34. Plaintiffs learned of the SEVIS termination from their schools. According to Plaintiffs' schools, the sole basis given for the termination was: "Otherwise failing to maintain status - individual identified in criminal records check and/or has had their VISA revoked."

Plaintiffs each have had an encounter with law enforcement, which in some instances involved being fingerprinted.

35. Two of the Plaintiffs (E. Roe, F. Roe) were never even charged with a crime.

36. Three of the Plaintiffs (C. Roe, D. Roe, G. Roe) were charged but have not been convicted.

Class Action Complaint for Declaratory
and Injunctive Relief – 10
No. 2:25-cv-00743



37.     Two of the Plaintiffs (H. Roe, I. Roe) have shoplifting charges that, even if they were convictions, would not have any legal bearing on H. Roe or I. Roe's legal status in the United States as the shoplifting charge is not a ground of inadmissibility under 8 U.S.C. § 1182(a) nor a ground of removability under 8 U.S.C. § 1227(a). Shoplifting is not a crime of violence for which a sentence of more than one year imprisonment may be imposed, as would be required for it to be a basis for loss of nonimmigrant status under 8 C.F.R. § 214.1(g).

38.     Plaintiffs B. Roe was charged with non-alcohol related reckless driving which was pleaded down to reckless endangerment under RCW 9A.36.050, a gross misdemeanor. Mr. B. Roe paid a fine and spent the night in jail. This offense has no bearing whatsoever on Plaintiffs' legal status in the United States as it is not ground of inadmissibility under 8 U.S.C. § 1182(a) nor a ground of removability under 8 U.S.C. § 1227(a). The offense is, unsurprisingly, not a crime of violence for which a sentence of more than one year imprisonment may be imposed.

39.     Plaintiff A. Roe was charged and put on trial. After a three-week trial, a unanimous jury found him not guilty on all charges. Less than a week later, the Defendants terminated his SEVIS record.

40.     On information and belief, the sole basis for Defendants' termination of Plaintiffs' SEVIS records is Plaintiffs having been identified in a law enforcement or criminal information data system ("law enforcement database" collectively).

41.     Defendants have not performed even a cursory review of the specific facts of Plaintiffs' cases as would be necessary to determine if Plaintiffs' inclusion in a law enforcement database has any bearing whatsoever on Plaintiffs' legal status in the United States nor whether it provides a basis to terminate a SEVIS record.

Class Action Complaint for Declaratory
and Injunctive Relief – 11
No. 2:25-cv-00743



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

42. Plaintiffs have suffered and will continue to suffer devastating harms to their education, finances, and reputations as a direct result of the Defendants' sudden termination of their SEVIS records.

43. Some plaintiffs are mere months away from graduation, and will be unable to complete their studies after years of investing in their degree programs. Plaintiffs have experienced, or fear they will experience, a loss of scholarships, research stipends, research assistant positions, and other employment. They will have to break leases and leave behind property if they must depart the United States. Reputational harm will occur if they must fail to fulfill their commitments to their academic programs, research projects, and OPT positions. If it becomes known they left the United States due to a purported SEVIS violation, others may assume Plaintiffs engaged in criminal conduct or other serious immigration violations. Finally, Plaintiffs have experienced emotional harm from the fear and uncertainty the SEVIS termination has brought into their lives, including a fear they will be arrested by ICE, detained, and deported from the United States.

## VI. Class Allegations

44. Plaintiffs Roe A-G seek to represent a nationwide class as follows:

### STUDENT CLASS

All noncitizens who are, were, or will be present in the United States in F-1 status, who are, were, or will be maintaining their F-1 status, but who had or will have their SEVIS record terminated by Defendants on or after March 15, 2025, and who do not have a conviction for a crime of violence for which a sentence of more than one year imprisonment may be imposed.

45. Plaintiffs Roe H-I seek to represent a nationwide class as follows:

### OPT CLASS

Class Action Complaint for Declaratory
and Injunctive Relief – 12
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

> All noncitizens who are, were or will be present in the United States in F-1 status and subsequently obtained Optional Practical Training as part of their F-1 program, who are, were, or will be maintaining their F-1 status, but who had or will have their SEVIS record terminated by the Defendants on or after March 15, 2025, and who do not have a conviction for a crime of violence for which a sentence of more than one year imprisonment may be imposed.

46. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(2).

47. Pursuant to Rule 23(a)(1), the classes as described are so numerous it is impracticable to join all of the class members as named Plaintiffs.

48. Pursuant to Rule 23(a)(2), there are common questions of law and fact including, but not limited to, whether (a) Defendants may terminate the SEVIS records of class members without complying with existing regulatory requirements, (b) Defendants may terminate the SEVIS records of class members without notice or an opportunity to respond, (c) Defendants may terminate the SEVIS records of class members without providing any factual basis or justification for the action.

49. Pursuant to Rule 23(a)(3), the named Plaintiffs claims are typical of the claims of all class members and of the Defendants' anticipated defenses to their claims.

50. The named Plaintiffs will fairly and adequately protect the interest of the class as required by Rule 23(a)(4).

51. Finally, pursuant to Rule 23(b)(2), class certification is appropriate because the Defendants have terminated the SEVIS records of class members on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Class Action Complaint for Declaratory
and Injunctive Relief – 13
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

## VII. First Cause of Action: Administrative Procedure Act, 5 U.S.C. § 706(2)(A)

52. The APA mandates that courts hold unlawful and set aside any agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

53. The Defendants' sudden termination of Plaintiffs' SEVIS records constitutes final agency action.

54. It is arbitrary and capricious for Defendants to terminate SEVIS records based merely on the fact that Plaintiffs having been identified in a law enforcement or criminal information data system.

55. It is arbitrary and capricious for Defendants to terminate Plaintiffs' SEVIS records without any analysis of: (1) whether the law enforcement or fingerprint record is from an arrest in the first instance, and, if so, (2) whether the arrest led to a criminal charge and, if so, (3) whether the charge resulted in a conviction, and, if so, (4) whether the criminal conviction has any bearing whatsoever on Plaintiffs' immigration status.

56. As a result, the Court should hold unlawful and set aside the termination and order that Plaintiffs be restored to lawful status, retroactive to the date of Defendants' unlawful termination, and grant other relief as described further below.

## Second Cause of Action: Administrative Procedure Act, 5 U.S.C. § 706(2)(B)

57. The APA also requires that courts hold unlawful and set aside any agency action that is contrary to a constitutional right, power, privilege, or immunity. 5 U.S.C. § 706(2)(B).

58. The Plaintiffs have a property interest in their SEVIS records. They are required to "retain" their I-20 and must pay a fee to register with SEVIS before coming to the United States.

Class Action Complaint for Declaratory
and Injunctive Relief – 14
No. 2:25-cv-00743



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

59. The Plaintiffs have a property interest in their educations, careers, research projects, personal property in the United States, and property leases.

60. Defendants have acted arbitrarily, without any apparent rhyme or reason, in terminating Plaintiffs' SEVIS records and devastating their education and careers.

61. Defendants have terminated Plaintiffs' SEVIS records without providing any notice. As of the date of this lawsuit, Defendants have provided no notice whatsoever to Plaintiffs, nor any opportunity to contest the termination, nor even to examine what information, if any, Defendants relied upon in deciding to wreck havoc on Plaintiffs' lives and livelihoods.

62. The Court should therefore hold unlawful and set aside Defendants' terminations of Plaintiffs' SEVIS records, restore Plaintiffs to lawful status retroactive to the date of Defendants' unlawful termination, and grant other relief as described further below.

**Third Cause of Action:  Administrative Procedure Act, 5 U.S.C. § 706(2)(C)**

63. The APA directs that courts hold unlawful and set aside any agency action that is found to be in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)©

64. There is no statutory or regulatory provision that authorizes Defendants to terminate Plaintiffs' SEVIS records based solely on Plaintiffs' having been "identified in criminal records check and/or has had their visa revoked."

65. Accordingly, the Court should hold unlawful and set aside such terminations, direct that Plaintiffs be restored to lawful status retroactive to the termination date, and grant other relief as described below.

Class Action Complaint for Declaratory
and Injunctive Relief – 15
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

**Fourth Cause of Action:  Administrative Procedure Act, 5 U.S.C. § 706(2)(D)**

66. The APA directs that courts hold unlawful and set aside any agency action that is found to be without observance of procedure required by law. 5 U.S.C. § 706(2)(D).

67. Defendants have not provided any notice whatsoever to Plaintiffs either prior to the termination, after the termination, or indeed, continuing to the present date.

68. Defendants terminated Plaintiffs' SEVIS record on improper grounds and without providing Plaintiffs an opportunity to respond.

Defendants' actions constitute an impermissible departure from legally mandated processes and deprive Plaintiffs of fair and orderly agency procedures.

69. Accordingly, the Court should set aside and hold unlawful and of no legal effect Defendants' termination of Plaintiffs' SEVIS records, restore Plaintiffs to lawful status retroactive to the termination date, and grant other relief as described below.

### VIII. Fifth Cause of Action: Declaratory Judgment Act, 28 U.S.C. § 2201

70. The Court has authority to issue a declaratory judgment regarding the rights and privileges of the parties under 28 U.S.C. § 2201(a).

71. The Court should declare that Defendants' termination of Plaintiffs' SEVIS records without notice or an opportunity to respond was unlawful.

72. The Court should declare that Defendants' termination of Plaintiffs' SEVIS records solely on the basis of Plaintiffs' having been identified in a law enforcement or criminal information data system is arbitrary and capricious.

73. The Court should declare that Plaintiffs have a right to notice and an opportunity to respond prior to Defendants' termination of SEVIS records.

Class Action Complaint for Declaratory
and Injunctive Relief – 16
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

## IX. **Sixth Cause of Action: Due Process Violation.**

74. Plaintiffs have a constitutionally protected liberty and property interest in their lawful nonimmigrant status, continued enrollment in their school programs (Student Class) and continued employment and career development (OPT Class).

75. Plaintiffs have a constitutionally protected property interest in their SEVIS record. Plaintiffs are mandated to pay a SEVIS fee prior to entry to the United States and to "retain" their I-20 which is direct evidence of their SEVIS record.

76. Defendants' termination of Plaintiffs' SEVIS records without notice and an opportunity to respond deprived Plaintiffs of liberty and property without due process of law in violation of the Due Process Clause of the Fifth Amendment.

77. The Court should therefore direct that Defendants' terminations are null and void and of no legal effect whatsoever, and restore Plaintiffs to lawful nonimmigrant status retroactive to the termination date, and issue further relief as described below.

Class Action Complaint for Declaratory
and Injunctive Relief – 17
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

X.  **REQUEST FOR RELIEF**

Plaintiffs request that the Court grant the following relief:

1. Certify this case as a class action;

Appoint Plaintiffs John A. Roe, John B. Roe, John C. Roe, John D. Roe, Jane E. Roe, Jane F. Roe, and Jane G. Roe as representatives of the Student Class;

2. Appoint Plaintiffs Jane H. Roe and Jane I. Roe as representatives of the OPT Class;

3. Appoint the undersigned attorneys from Gairson Law LLC and Open Sky Law, PLLC as class counsel pursuant to Federal Rule of Civil Procedure 23(g);

4. Issue a permanent injunction prohibiting Defendants from terminating the SEVIS records of class members arbitrarily and capriciously, and without providing notice and an opportunity to respond in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution;

5. Issue a declaratory judgment finding that Defendants' termination of class members' SEVIS records was and is unlawful;

6. Direct that Defendants' termination of class members' SEVIS records is null and void and of no legal effect whatsoever, and direct that class members will not accrue unlawful presence and will be considered to restored to lawful nonimmigrant status retroactive to the date of Defendants' unlawful termination;

7. Issue a permanent injunction directing that Defendants shall take all necessary steps to permit class members who have departed the United States due to the Defendants' illegal actions as alleged herein to return and resume their F-1 status

Class Action Complaint for Declaratory
and Injunctive Relief – 18
No. 2:25-cv-00743

OpenSkyLaw
20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

if in possession of a valid I-20, including a directive that DHS shall not refuse boarding or entry of any such student no matter the status of their visa;

8. Award reasonable attorneys' fees and costs to the Plaintiffs;

9. Grant any other relief in the interests of justice.

Respectfully submitted this 23rd day of April, 2025.

| GAIRSON LAW, LLC | OPEN SKY LAW, PLLC |
|---|---|
| */s/ Jay Gairson* | */s/ Devin T. Theriot-Orr* |
| Jay Gairson, WSBA 43365 | Devin T. Theriot-Orr, WSBA 33995 |
| | */s/ Whitney Wootton* |
| | Whitney C. Wootton, WSBA 54074 |
| 4606 Martin Luther King Jr. Way S. | |
| Seattle, WA  98108 | 20415 72nd Ave S., Ste 110 |
| Tel.    (206) 357-4218 | Kent, WA  98032 |
| Em.    jay@gairson.com | Tel.    (206) 962-5052 |
| | Fax    (206) 681-9663 |
| | Em.    devin@opensky.law |
| | whitney@opensky.law |

Class Action Complaint for Declaratory
and Injunctive Relief – 19
No. 2:25-cv-00743

