1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

BEFORE THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE

John A. Roe, *et al.*,

Plaintiffs,

v.

Kristi Noem, *et al.*,

Defendants.

No. 2:25-cv-00743-DGE

Stipulated Motion to Dismiss and Order

Noted for Consideration:
September 30, 2025

Plaintiffs and Defendants hereby stipulate to the following:

1)      **SEVIS Records Reactivated**: The Student and Exchange Visitor Information

System ("SEVIS") record for each Plaintiff in these cases has been reset to

"active" status by the Student and Exchange Visitor Program ("SEVP") within

Homeland Security Investigations ("HSI") at U.S. Immigration and Customs

Enforcement ("ICE").

2)      **No Status Gap (Retroactive Activation)**: The reactivation of each Plaintiff's

SEVIS record is retroactive to the date of its initial termination, so that there is

Stipulated Motion to Dismiss and
[Proposed] Order – 1
No. 2:25-cv-00743-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

no gap or lapse in the record. Although the SEVIS event history will reflect whatever modifications were made, the effect of this retroactive activation is as though the termination did not happen.

3) **Restoration of Training Authorizations**: To the extent any Plaintiff is participating in Optional Practical Training ("OPT"), the Science, Technology, Engineering, and Math ("STEM") OPT extension, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT is reset to the end date that was recorded in the Plaintiff's SEVIS record prior to its termination.  DHS amended Plaintiff's SEVIS Unemployment Counter to ensure that the Plaintiff's accumulated no "unemployed" days in SEVIS as a result of the subject SEVIS termination.

4) **No Re-Termination Based on Prior NCIC/Visa Revocation Information**: ICE will not, under its new SEVIS policy announced April 26, 2025, re-terminate any Plaintiff's SEVIS record based solely on the National Crime Information Center ("NCIC") record or any associated visa revocation that was effective upon departure which precipitated the prior termination. ICE retains the authority to terminate a SEVIS record for other lawful reasons (for example, if a student fails to maintain his or her nonimmigrant status after reactivation, or if the student engages in other conduct that would render them removable under the Immigration and Nationality Act).

5) **No Removal Based on Prudential Visa Revocation**: A visa revocation that is effective upon departure (i.e. a prudential revocation, not immediately effective)

Stipulated Motion to Dismiss and
[Proposed] Order – 2
No. 2:25-cv-00743-DGE



20415 72ⁿᵈ Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

1    does not establish removability under INA § 237(a)(1)(B) and is not a basis, in

2    itself, for terminating a SEVIS record under ICE's new policy. Accordingly, ICE

3    will not initiate removal proceedings or otherwise make removal efforts against

4    any Plaintiff solely on the basis of a visa revocation that is effective upon

5    departure.

6    6) **Confirmation of No Immediate Revocation**: Pursuant to INA § 221(i), any

7    visa revocation must be communicated to the Department of Homeland Security

8    ("DHS"). DHS affirms that it has not received notification from the Department

9    of State that the visas of any of the Plaintiffs in this action have been revoked

10    with immediate effect. To the extent any such revocations exist, Plaintiffs' visa

11    revocations are effective upon departure.

12    7) **No Negative Impact on Benefits Applications**: The termination and

13    subsequent reactivation of each Plaintiff's SEVIS record by SEVP (as noted in

14    Paragraph 1) will not, in itself, have any negative impact on U.S. Citizenship

15    and Immigration Service's ("USCIS") adjudication of any immigration benefit

16    request. If, in the course of adjudicating an immigration benefit, USCIS

17    observes that a Plaintiff's F-1 SEVIS record was terminated and then

18    reactivated by ICE, USCIS will continue processing the benefit request in

19    accordance with all applicable laws, regulations, policies, and procedures the

20    prior termination.

21    8) **USCIS Coordination on Evidence of Status**:  To the extent USCIS issues a

22    request for evidence, notice of intent to deny, or denial in the adjudication of an

23    Stipulated Motion to Dismiss and
[Proposed] Order – 3
No. 2:25-cv-00743-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

immigration benefit request that is based in whole or part on the termination and

reactivation of Plaintiffs' SEVIS records, Plaintiff agrees to provide this

Stipulation to USCIS in the first instance. If, after receipt of this Stipulation

from Plaintiff, USCIS requires additional information about the scope of this

Stipulation from Defendants, Plaintiff's counsel shall notify Defendants of the

information requested by USCIS regarding the scope of this Stipulation and

Defendants shall timely provide to USCIS and Plaintiff's counsel their response

regarding the scope of this Stipulation.

9)    **Notification to Department of State**: Defendants shall communicate the terms

of this Stipulation to the U.S. Department of State, so that the Department of

State is aware of the resolution of this matter (including the reactivation of

Plaintiffs' SEVIS records and the understanding that any visa revocations were

not effective immediately).

10)    **Dismissal of Action**: Upon execution of this Stipulation and implementation of

the above terms, Plaintiffs shall dismiss this action without prejudice. Each

party shall bear its own fees and costs.

OpenSkyLaw

20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

1    Respectfully submitted this 30th day of September, 2025.

2

3    GAIRSON LAW, LLC                        TEAL LUTHY MILLER
                                             ACTING UNITED STATES ATTORNEY
4
        _____/s/ Jay Gairson_____
5    Jay Gairson, WSBA 43365                 _/s/ Lyndsie R. Schmalz_____
     4606 Martin Luther King Jr. Way S.      Lyndsie R. Schmalz, CA Bar No. 285004
6    Seattle, WA  98108                      United States Attorney's Office
     Tel.    (206) 357-4218                  Western District of Washington
7    Em.     jay@gairson.com                 700 Stewart Street, Suite 5220
                                             Seattle, Washington 98101-1271
8                                            Tel.    206-553-7970
     OPEN SKY LAW, PLLC                      Fax     206-553-4067
9                                            Em.     lyndsie.r.schmalz@usdoj.gov

10      _____/s/ Devin T. Theriot-Orr_____   *Attorneys for Defendants*
     Devin T. Theriot-Orr, WSBA 33995
11
        _____/s/ Whitney Wootton_____
12   Whitney C. Wootton, WSBA 54074
     20415 72nd Ave S., Ste 110
13   Kent, WA  98032
     Tel.    (206) 962-5052
14   Fax     (206) 681-9663
     Em.     devin@opensky.law
15           whitney@opensky.law

16

17   *Attorneys for Plaintiffs*            I certify this document contains 722 words in
                                           compliance with the Local Civil Rules.
18

19

20

21

22

23   Stipulated Motion to Dismiss and
     [Proposed] Order – 5
     No. 2:25-cv-00743-DGE


20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**ORDER**

The parties, having stipulated and agreed, it is so **ORDERED**.

DATED this 1st day of October 2025.

_____
DAVID G. ESTUDILLO
United States Chief District Judge

Stipulated Motion to Dismiss and
[Proposed] Order – 6
No. 2:25-cv-00743-DGE



20415 72nd Ave S, Suite 110, Kent, WA 98032
Tel: (206) 962-5052 | Fax: (206) 681-9663
www.opensky.law